Van Brunt, P. J.
The claim of the appellants in this proceeding is founded upon the affidavits of the plaintiff and his son. In very many important particulars they are contradicted by Mr. Van Alstine, by Mr. Boss, by Mr Gifford and by Mr. Lyon. There is nothing in the case which ■ would justify the court in holding that Mrs. Whitney had any interest in the claim attempted to be enforced in this action after its assignment to the plaintiff. It is undoubtedly true that Messrs. Van Alstine and Boss were beneficially interested therein by reason of an agreement made with the plaintiff alone, that they should have half the recovery m case of success; and it further appears that for their own protection Messrs. Van Alstine and Boss required the plaintiff to assign the judgment to a third party in order that the plaintiff might not settle and thereby endanger their claim upon the judgment for compensation for services rendered in the action If the plaintiff’s statements are to be taken as correct, Messrs. Van Alstine and Boss would be responsible for the costs incurred in the action. But the plaintiff has been contradicted in s@ many particulars by so many different affiants that very little reliance can be placed upon any statement contained in his affidavit which is denied.
It _may be true that as to some of the material statements in his affidavits he is contradicted by but one witness, but when a party is successfully impeached as to any part of his testimony which is material by several witnesses, very little dependence can be placed upon any part of the statement made by him; and it, if contradicted, should certainly be rejected, and this appears to be the unfortunate condition of the plaintiff upon the issues which were presented upon this application. •
The mere fact that Messrs. Van Alstine and Boss were beneficially interested in the cause of action did not render them liable for costs where such beneficial interest consists of a right to a portion of the sum or property recovered as compensation for their services in the action, and the character of their beneficial interest does not seem to have been at all changed by reason of the assignment of Banta *386 to Mrs. Whitney, procured for the purpose of securing such benéficial interest. It certainly was not the intention of the legislature in the enactment of the provisions of the Code to make an attorney beneficially interested in a cause of action as compensation for his services in the action not liable for costs where the action is brought in the name of another, and to render such attorney liable, where, after the commencement of the action, there has been an assignment of such cause of action.
The order should be affirmed, with costs.
Brady and Daniels. JJ. concur